UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:99-CR-185 CAS |
| LAWRENCE GEORGE LASHLEY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant Lawrence George Lashley's letter dated July 29, 2016, which the Court construes as a motion to amend defendant's Presentence Investigation Report ("PSR"). Defendant's letter states that he was deemed ineligible for potential clemency relief as a result of the "violent history" contained in his PSR. Defendant asserts that the allegations were never proved against him and asks to Court to remove the "erroneous allegations of violence" from the PSR. (Doc. 558 at 1.) The United States opposes the motion.

The Federal Public Defender filed a memorandum in support of defendant's motion, which asserts that the Court erred in not deleting Paragraph 42 and all but the first sentence of Paragraph 47 of the PSR, which contain allegations of violent conduct, and could now correct that error under Federal Rule of Criminal Procedure 36 by deleting those portions of the PSR. The Court concludes the motion to amend the PSR, as supplemented, should be denied without prejudice for lack of jurisdiction.

**Discussion**

"A defendant's Presentence Investigation Report is meant to be accurate at the time a defendant is sentenced." United States v. Nguyen, 2009 WL 1783500, at *1 (N.D. Iowa June 19,

2009) (quoted case omitted). "Once the district court has heard objections to the [PSR] and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited." United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994). "Thus, postsentence challenges to a [PSR] which are submitted to the district court must be based on statutes or rules which give the district court jurisdiction to consider the challenge." Id.

Defendant's motion to amend the PSR does not identify the rule or statute on which it is based. Rule 32 of the Federal Rules of Criminal Procedure addresses presentence investigations and reports. Courts have uniformly held that once a district court imposes sentence, it lacks jurisdiction under Rule 32 to hear challenges to a presentence report. See Warner, 23 F.3d at 290 (Rule 32 "standing alone, cannot provide a district court with jurisdiction to hear challenges to a presentence report once sentence has been imposed."); United States v. Angiulo, 57 F.3d 38, 41 (1st Cir. 1995) ("Rule 32 provides no independent foundation for a postsentence motion to correct a PSI report[.]"); United States v. Catabran, 884 F.2d 1288, 1289 (9th Cir. 1989) ("Rule 32 'allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later.'") (quoted case omitted); United States v. Engs, 884 F.2d 894, 895 (5th Cir. 1989) (Rule 32 does not provide an "independent jurisdictional ground for attacking the accuracy of a PSI report after sentence has been imposed."); United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir. 1989) ("Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced."); United States v. Sarduy, 838 F.2d 157 (6th Cir. 1988) (holding that Rule 32 "does not provide the district court with jurisdiction to hear a motion making a postjudgment collateral attack on one's sentence for a Rule 32 violation.") (quoting United States v. Fischer, 821 F.2d 557, 558 (11th Cir. 1987)). This Court has previously held that once sentence has been imposed, there is no jurisdiction under Rule 32 to correct a PSR. United States v. Holmes, 4:08-CR-525 CAS, slip op.

2

at 4 (E.D. Mo. Dec. 14, 2011) (citing cases); United States v. Moore, No. 4:84-CV-114 CDP, slip op. at 1 (E.D. Mo. Aug. 14, 2002) (citing Warner, 23 F.3d at 290).

In the supplemental memorandum in support of the motion, defendant asserts that Rule 36 of the Federal Rules of Criminal Procedure, which provides a mechanism for the correction of clerical errors, can be used to provide the amendment he seeks to the PSR. Defendant states that his trial counsel objected to "Pages 3 to 11, Paragraphs 3 to 43, and 51" of the PSR,[1] the two-level obstruction of justice enhancement in paragraph 47, and to allegations that he threatened any law enforcement officer or encouraged anyone to do so, or that he threatened or injured anyone with either a gun, baseball bat, or his fists. Def.'s Mem. Supp. at 2 (Doc. 567). Defendant concedes that he withdrew his objection to the obstruction of justice enhancement at the time of sentencing, id. at 4,[2] but argues that the Court erred by not addressing his objections to the allegations of violent conduct in Paragraph 42 and the last three sentences of Paragraph 47 of the PSR. Defendant asserts that the allegations of violent conduct lack veracity or reliability, were properly and timely objected to, and should have been removed from the PSR, "as the Court did not state on the record that a ruling was unnecessary either because the matter would not affect sentencing or because the court would not consider the matter in sentencing." Id. at 6.

Because defendant withdrew his objection to the obstruction of justice enhancement, he conceded the allegations in Paragraph 47, that "the defendant threatened to kill a witness if he/she talked to law enforcement authorities. The defendant threatened to kill a detective from the Franklin

---

[1]The Court notes that defendant's generalized and conclusory objection constitutes an objection to all but two paragraphs of the "Offense Conduct" portion of the PSR.

[2]The facts supporting the obstruction of justice enhancement were detailed in Paragraph 42 of the PSR, along with other allegations of violent or threatening conduct, and repeated in Paragraph 47.

3

County, Missouri, Sheriff's Office. The defendant offered $10,000 to individuals in return for killing detectives and DEA agents involved in the investigation of his methamphetamine organization." PSR 12, ¶ 47. As a result of defendant's concession, there is no basis for any argument that the Court should have ordered Paragraph 47 deleted from the PSR.

Although defendant objected to all but two paragraphs of the PSR's Offense Conduct section, at sentencing he objected only to Paragraph 43 concerning the amount of methamphetamine for which he was accountable (Sent. Tr. 2) (Doc. 560); the gun enhancement (Sent. Tr. 9-10); the role in the offense adjustment (Sent. Tr. 10); and the obstruction of justice enhancement, which he chose to withdraw (Sent. Tr. 18-22). The Court then asked, "Are there any other objections remaining that the Court has not ruled on or otherwise resolved?" Defendant's counsel responded, "No, Your Honor." (Id. at 22.) Any other objections defendant had to the PSR were waived on the record, so his argument that the Court erred in failing to address them is without merit.

Assuming for purposes of argument that the Court should have addressed other objections to the PSR at the time of sentencing, the Eighth Circuit Court of Appeals has held that Rule 36 cannot be used to modify a presentence report after sentencing where the alleged inaccuracies are substantive issues rather than clerical oversights or omissions. United States v. Long, 434 F. App'x 567, 567-68 (8th Cir. 2011). Here, defendant's allegations that the Court should have deleted the PSR's references to violent conduct because they lacked veracity or reliability raise a substantive issue with respect to his PSR, not a clerical oversight. The Court therefore concludes that under Long, it would lack jurisdiction to address defendant's motion to amend the PSR under Rule 36.

**Conclusion**

Because there is no independent jurisdictional basis for the Court to consider defendant's post-sentencing motion to amend his presentence report, the motion will be denied for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to amend his presentence investigation report to remove references to violent conduct, as supplemented, is **DENIED** without prejudice for lack of jurisdiction. [Docs. 558, 567]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  31st  day of October, 2016.